

FILED

FEB 1 7 2006

FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
DIVISION

SAMUEL EARL WHICHARD

)
)
)
)
)                    NO. 4:06-CV-32
)
VS.                  )
EAST CAROLINA UNIV )     Materials Management is located in Bldg
EAST-CAROLINA UNIV )     141. Bldg 141 is located on the corner of
-BRODY-SCHOOL OF )       First Street and Cotanche. PERRY
MEDICINE )                                           ENNIS +
PERRY ENNIS
TONY-ROEBUCK  COMPLAINT

1. Plaintiff resides at _324 CLAIR MOUNT CIRCLE_
_GREENVILLE N.C. PITT COUNTY_ W 252 7443316
H 252-751 5463 _GREENVILLE NC 27834_ .

2. Defendant(s)' name(s) _EAST CAROLINA_
_UNIVERSITY- CO PERRY ENNIS CO TONY ROEBUCK_
_MATERIALS-MANAGEMENT -BRODY - S.O.M._

Location of principle office(s) of the named defendant(s) AND
_EAST CAROLINA UNIVERSITY -EAST FIFTH ST. COTANCHE_
_PERRY ENNIS Blpg-141 TONY-ROEBUCK 600 MOYEBLVD AWS6_
FRIST

Nature of defendant(s)' business: _MATERIALS MANMENT_
_BUSSINESS OF MEDICAL STORE ROOM AND DAY TO DAY OPERATION_

Approximate number of individuals employed by defendant: INDIVD
_MATERIAL MANAGMENT 40 TO 100 OR MORE_ UALS

3. This action is brought pursuant to Title VII of
the Civil Rights Act of 1964 for employment discrimination.
Jurisdiction is specifically conferred on the Court by 42 U.S.C.

§ 2000e-5. Equitable and other relief are also sought under

42 U.S.C. §20003-5(g).

    4.  The acts complained of in this suit concern:

      (A) _____ Failure to employ me.

      (B) _____ Termination of my employment.

      (C)   ✓   Failure to promote me.

      (D) _____ Other acts as specified below:

_RACE DISCRIMINATION_

_JOB DISCRIMINATION - ALSO WITH HOLDING INFORMATION_

_AGE CANDIDATE IS YOUNGER - DISCRIMINATION_

_DENIAL OF TOTAL EQUAL OPPORTUNITY_

_NOT ENFORCING STATE HIRING PROCURE AND_

_PRACTICE AND DUILDINE - AND VIOLATING MY CIVIL_

_RIGHT_

    5.  Plaintiff is:

      (A)   ✓   presently employed by the defendant.

      (B) _____ not presently employed by the defendant.

      The dates of his employment were _____

      _____.  Employment was terminated

      because:

      (1) _____ plaintiff was discharged.

      (2) _____ plaintiff was laid off.

      (3) _____ plaintiff left the job voluntarily.

6. Defendant(s)' conduct is discriminatory with respect to the following:

(A) ___✓___ my race.

(B) _____ my religion.

(C) _____ my sex.

(D) _____ my national origin.

(E) _____ other as specified below:

NOT PROMOTEING MINORITY - MALE TO THAT
POSTITION - OR ENFORCEING    STATE HIRCING
PROCURE

7. The name(s), race, sex, and the position or title of the individual(s) who allegedly discriminated against me during the period of my employment with the defendant company is (are) _____

PERRY ENNIS - WHITE - MALE - ASSISTAN DIRCCTOR
OF THE STORES - MATERIAL - MANAGEMENT
TONY ROEBUCK MEDICAL STORE ROOM MANJER
WHITE - MALE - MATERIAL - MANGEMENT

8. The alleged discrimination occurred on or about

MAY 8TH MAY 9TH 2003.

9.  The nature of my complaint, i.e. the manner in
which the individual(s) named above discriminated against me
in terms of the conditions of my employment is as follows:

DENIAL OF TOTAL EQUAL OPPORTUNITY
2 RACE DISCRIMINATION - BECAUSE - WHITE
3 AGE DISCRIMINATION - YOUNGER
4 JOB DISCRIMINATION - WITH HELD JOB INFORMATI
AND ASK OT TRAIN THE MAN WHO DID THE JOB INTERVIE
AND MAN WHO RECEIVE THE POSTION. AND WHY IS IT
THE PERSON WHO HAD THIS POSTION HAD TO HAVE A
2 YEAR DEGREE - BUT THE ONE THEY HIRE DID NOT
AND MOST OF ALL NOT ENFORCEING THE STATE
                                            GUILDLINE

10.  The alleged illegal activity took place at:

EAST CAROLINA UNIVERSITY - BRODY - S.OM
MEDICAL STORE ROOM  AWSL 600 moye BLVD

11.  I filed charges with the Equal Employment Opportunity
Commission regarding defendant's alleged discriminatory conduct
on or about  AUGUST 20-2003 ___.  I have attached
a copy of the Notice-of-Right-to-Sue letter issued by the Equal
Employment Opportunity Commission.  This letter was received
by me on  JAN 23-06 _____.

12.  I seek the following relief:

(A)  ___✓___ recovery of back pay;

(B)  _____ reinstatement to my former job;

and any other relief as may be appropriate, including

injunctive orders, damages, costs and attorney's

fees.

02-17-06
(Date)

*Samuel E Whichard*
Signature of Plaintiff

*Samuel E Whichard*
324 CLAIRMOUNT CIRCLE
GREENVILLE N.C. 27834 PITT COUNTY
Address of Plaintiff

Telephone #:
H 252 - 752 - 5463
W - 252 744 3316

To whom it may concern
To the state of North Carolina
Office of the
Administrative hearing
6714 mail service   center
Raleigh   n.c 27699-6714

I am asking to file obstruction of justice charge   and or to be added. This why I am asking.

1.  Why is it not showing that it was a clerical error?
2.   Why is it? It took the state of North Carolina 90 days on a 30 day process.
3.   How come I was not given this .only in the last day of this?
4.   why is  it  no try to contact  me ( Samuel e Whichard ) .they had my address  and also  my e-mail .and  my telephone number   home  and  work .
5.   Why is it that I had to go to the dept of justice, to try to get this resolve?
6.   How is this decision be made and it slip by .when I respond, by appealing the decision.

7. Obstruction of justice charge.  They are some time, time sensitive to the time  and this was not handle properly .it was to be in my hand by may the 6th . not may the 10th .this documented

Samuel e whichard

*Samuel E Whichard*

5- 25- 05

*Brenda C. Mills*
*Notary*

My  Commission  Expires 8-28-09

STATE OF NORTH CAROLINA

COUNTY OF PITT

IN THE OFFICE OF
ADMINISTRATIVE HEARINGS

04 OSP 0309

| | | |
|---|---|---|
| Samuel E Whichard | ) | |
|     Petitioner | ) | |
| | ) | |
|     vs. | ) | **ORDER AMENDING** |
| | ) | **DECISION** |
| ECU- S O M Brody Material Man | ) | |
| ECU-Medical Storg Room Material Man | ) | |
|     Respondent | ) | |

Pursuant to 26 NCAC 3.0129, for the purpose of correcting a clerical error, IT IS HEREBY ORDERED that the above-captioned Decision, issued from this Office on May 3, 2005, is amended as follows:

On page 1 of the Decision, the caption should read "Decision" instead of Final Decision.

On page 5 of the Decision, the paragraph entitled Final Decision should read "Decision".

The Notice should read as follows:

### NOTICE

The agency making the final decision in this contested case is required to give each party an opportunity to file exceptions and proposed findings of fact and to present oral and written arguments to the agency.  G.S. 150B-40(e).

A copy of the final agency decision or order shall be served upon each party personally or by certified mail addressed to the party at the latest address given by the party to the agency and a copy shall be furnished to his attorney of record.  G.S. 150B-42(a).  It is requested that the agency furnish a copy to the Office of Administrative Hearings.

The agency that will make the final decision in this contested case is East Carolina University.

This the 6th day of May, 2005.

*Beryl E. Wade*

Beryl E. Wade
Administrative Law Judge

STATE OF NORTH CAROLINA
OFFICE OF ADMINISTRATIVE HEARINGS
6714 MAIL SERVICE CENTER
RALEIGH, NC 27699-6714



xx ORDERED OS xx
Return Service
Requested

PRESORTED
FIRST CLASS

RALEIGH
MAY06'05
NC

U.S. POS
00.2
H METER 7108

Samuel E Whichard
324 Clairmount Circle
Greenville, NC 27834-

MAY
10

CAJKSM3 27834

Documentation Storeroom Asst. Manager

Perry Ennis and Tony Roebuck conducted six (6) interviews in two (2) days, with five (5) on Thursday, May 8th and one on Friday, May 9, 2003.

Each candidate was asked the same questions and rated on a scale from one (1) to five (5), where five is best. (Or A thru E, where A is best and E is worst, then converted.)

After the first day, Mr. William White emerged as the leading candidate. On Friday, we interviewed Mr. Matthew Davies. Mr. Davies interviewed extremely well and ended up being the candidate chosen. Matthew was detailed in his responses and was professional in his demeanor by making eye contact during the entire process. He seemed calm in his presentation and did not seem nervous. It was also brought out during the interview, Matthew had better overall computer skills as it related to word processing and Excel set-up processes.

The final decision was Mr. Matthew Davies was the right person for the job. He brought a more complete package of the skills required to be the Assistant Manager of the Medical Storeroom. Mr. William White was listed as the second choice candidate.


Tony Roebuck
Purchasing Agent/ Warehouse Manager
Medical Storeroom

## Whichard, Samuel Earl

**From:** Roebuck, Tony D
**Sent:** Tuesday, July 29, 2003 9:46 AM
**To:** Whichard, Samuel Earl
**Subject:** Cross Training New Employee

**Sensitivity:** Confidential

Samuel

Part of our duties in the Medical Storeroom, as well as all of Materials Management, is to provide cross-training to fellow employees. This includes new staff also. Matt, as the new Assistant Manager of the Medical Storeroom, needs such cross-training. I am going to include myself on this training also, as a review and for a just in case scenario. This action not only benefits the Storeroom overall, but provides relief for you also.

As the dock supervisor, and the staff member with the best knowledge of the Shipping and Receiving processes, I depend on you for such training. In the next few weeks, Matt and I will schedule such training exercises.

As far as your responsibilities are concerned, I expect correct procedures to be explained. As long as you are correct in your directions, you can not be held accountable for other employees actions. However, as you and I discussed, or the situation with a past employee, you provided incorrect instructions to an employee which resulted in the action taken by the Storeroom. You are correct in your statement that you are not accountable for other employees actions, however you are accountable for your actions if you provide improper training. Our fellow employees depend on other staff to show them the proper way to conduct business in our area of expertise.

I appreciate your concern because of this past experience, but as long a you are providing proper and correct instructions to fellow employees, you are not accountable for their direct actions.

Thank you

Tony Roebuck

**Tony D. Roebuck**
Purchasing Agent/ Warehouse Manager
East Carolina University
Medical Storeroom
600 Moye Blvd. GW-56 Brody Bldg.
Greenville, NC 27834
Tel. #252-744-2241  Fax # 252-744-2121
*"Home of the Pirates"*
http://www.ecu.edu/purchasing/cat/MSCAT.htm



1

## DEDICATION

I have been employed with East Carolina University for twenty-eight years; twenty-one years with the Medical Storeroom. This alone displays great dedication to not only the university but also the department for which I work. During my time with the Medical Storeroom, I have trained and cross-trained eight other candidates to do my job. A couple of these trainees were people that were brought in to be my supervisors. I recently trained my current supervisors Mr. Tony Roebuck (Manager of the Medical Storeroom) and Mr. Matt Davies (Assistant Manager of the Medical Storeroom), the candidate that was selected over me. I believe that this is truly a testament to my character, teamwork, and dedication to East Carolina University. The people that I have trained are as follows:

*Cornelius Williams* – He was an employee of East Carolina University for five years. He transferred from housekeeping to the Medical Storeroom as a Stock Clerk I. I was then promoted to Stock Clerk II. Cornelius Williams was a high school graduate. He is no longer with East Carolina University.

**William O. White**
**Medical Storeroom**
Brody Medical Science GW-56
(252) 744-3629

\* I cross-trained him at the loading dock. William is a high school graduate. He also has two years of college at Elizabeth City State Univ.

**Johnnie O.Thompson**
**Central Receiving & Stores**
Warehouse & Technology Whse
(252) 328-6700

\* I cross-trained him at the loading dock. Johnnie is a high school graduate. He was also a Supply Sergeant in the United States Army.

*Michael Williams* – He was employed with East Carolina University for three years. He transferred from Central Supply on main campus. While at the Brody School of Medicine, I cross-trained him in the Shipping and Receiving Department. Michael was a high school graduate. He is no employed with East Carolina University.

*Jeremy Gardner* – He was employed with East Carolina University for three years. I cross-trained him in the Shipping & Receiving Department. Jeremy was a high school graduate. He is no longer employed with East Carolina University.

**Lucretia A. Davis**
**Fixed Assets/Surplus Property Office**
Warehouse & Technology Annex
(252) 328-1507

\* She was bought in as the Assistant Manager of the Medical Storeroom. I cross-trained her in the Shipping & Receiving Department. Lucretia is a high school graduate. She also has a two-year Business Degree. This position is now required to have someone with a college degree. She has since transferred to another department.

**Matt Davies**
**Medical Storeroom**
Brody Medical Science GW56
(252) 744-2249

\* Matt is the new Assistant Manager of the Medical Storeroom. He was the selected candidate in the last process. I trained him in the Shipping & Receiving Department. Matt is a high school graduate. He also has some computer courses. He does not have a college degree.

**Tony Roebuck**
**Medical Storeroom**
Brody Medical Science GW56
(252) 744-2241

\* Tony is the Manager of the Medical Storeroom. I have also cross-trained him in the Shipping & Receiving Department.

## AWARDS

During my time at East Carolina University, I have been honored with several awards for

my on-the-job performance. These awards include the:

a.) **East Carolina University** *Certificate of Service Award* (October, 1995)

b.) **Business Services Spotlighted Employee of the Year** (June, 1996)

c.) *ECU Supervision Institute* **Certificate of Achievement** (December 17, 1999)

d.) *Business Services Quest for Excellence* **First Mate Award** (September 19, 2000)

e.) *Business Services Quest for Excellence* **Captain Award** (December 10, 2002)

I, SAMUEL EARL WHICHARD, HAVE BEEN AT EAST CAROLINA UNIVERSTIY, BRODY SCHOOL OF MEDICINE FOR TWENTY YEARS AND WITH THE STATE IN OTHER JOBS, GIVE OR TAKE EIGHT YEARS. THE TOTAL NUMBER OF COMBINED YEARS OF MY SERVICE IS APPROXIMATELY TWENTY EIGHT YEARS.

I HAVE, IN THE TWENTY YEARS AT THE BRODY SCHOOL OF MEDICINE, CROSS-TRAINED A TOTAL OF EIGHT PEOPLE. ALL EIGHT PEOPLE HAVE BEEN UNDER MY LEADERSHIP IN THE TRAINING OF THE DO'S AND DON'TS AND THE HAVE NOTS AND MOST OF ALL, KNOW HOW TO COVER YOURSELF AT ALL TIMES, IN THE SHIPPING AND RECEIVING TRADE. WE ARE CONTINUOUSLY LEARNING.

THE PEOPLE I HAVE TRAINED ARE:

1. CORNELIUS WILLIAMS DURING HIS FIVE YEARS AT EAST CAROLINA UNIVERSITY. HE CAN IN AS A STOCK CLERK I, THEREFORE PROMOTING ME TO STOCK CLERK II. CORNELIUS WAS A HIGH SCHOOL GRADUATE THAT TRANSFERRED FROM HOUSEKEEPING.

2, WILLIAM O. WHITE – I HAVE CORSS-TRAINED HIM AT THE LOADING DOCK. HE IS CURRENTLY WORKING FOR EAST CAROLINA UNIVERSITY SCHOOL OF MEDICINE IN THE MEDICAL STOREROOM. WILLIAM IS A HIGH SCHOOL GRADUATE WITH TWO YEARS OF COLLEGE AT ELIZABETH CITY COLLEGE.

3. JOHNNY THOMPSON – I HAVE CROSS-TRAINED HIM AT THE LOADING DOCK. HE IS CURRENTLY WORKING FOR EAST CAROLINA UNIVERSITY AT THE MAIN WAREHOUSE. JOHNNY WAS A SUPPLY SARGEANT IN THE ARMY AND A HIGH SCHOOL GRADUATE.

4. MICHAEL WILLIAMS – HE WAS WITH THE DEPARTMENT FOR TWO OR THREE YEARS. HE TRANSFERRED TO A DIFFERENT DEPARTMENT, BUT WHILE AT THE BRODY BUILDING, I CROSS-TRAINED HIM IN THE SHIPPING AND RECEIVING DEPARTMENT. MICHAEL IS A HIGH SCHOOL GRADUATE, TRANSFERRED FROM CENTRAL SUPPLY ON MAIN CAMPUS AT ECU.

5. JEREMY GARDNER – HE WAS AT ECU FOR TWO OR THREE YEARS. I ALSO CROSS-TRAINED HIM IN THE SHIPPING AND RECEIVING DEPARTMENT. JEREMY WAS A HIGH SCHOOL GRADUATE.

6. LUCRETIA DAVIS – SHE CAME TO ECU AS THE ASSISTANT MANAGER IN THE MEDICAL STOREROOM WITH A TWO YEAR DEGREE IN BUSINESS. EVEN WITH HER DEGREE, I STILL HAD TO CROSS-TRAIN HER IN THE SHIPPING AND RECEIVING DEPARTMENT WHEN SHE BEGAN HERE. WHEN SHE STARTED, THEY CHANGED THE JOB DESCRIPTION AND

**§ 126-7.1. Posting requirement; State employees receive priority consideration; reduction-in-force rights; Work First hiring.**

(a) All vacancies for which any State agency, department, or institution openly recruit shall be posted within at least the following:

(1) The personnel office of the agency, department, or institution having the vacancy; and

(2) The particular work unit of the agency, department, or institution having the vacancy in a location readily accessible to employees. If the decision is made, initially or at any time while the vacancy remains open, to receive applicants from outside the recruiting agency, department, or institution, the vacancy shall be listed with the Office of State Personnel for the purpose of informing current State employees of such vacancy. The State agency, department, or institution may not receive approval from the Office of State Personnel to fill a job vacancy if the agency, department, or institution cannot prove to the satisfaction of the Office of State Personnel that it complied with these posting requirements. The agency, department, or institution which hires any person in violation of these posting requirements shall pay such person when employment is discontinued as a result of such violation for the work performed during the period of time between his initial employment and separation.

(a1) State employees to be affected by a reduction in force shall be notified of the reduction in force as soon as practicable, and in any event, no less than 30 days prior to the effective date of the reduction in force.

(a2) The State Personnel Commission shall adopt rules to provide that priority consideration for State employees separated from State employment as the result of reductions in force is to enable a State employee's return to career service at a salary grade and salary rate equal to that held in the most recent position. The State Personnel Commission shall provide that a State employee who:

(1) Accepts a position at the same salary grade shall be paid at the same salary rate as the employee's previous position.

(2) Accepts a position at a lower salary grade than the employee's previous position shall be paid at the same rate as the previous position unless the salary rate exceeds the maximum of the new salary grade. When the salary rate exceeds the maximum of the salary grade, the employee's new salary rate shall be reduced to the maximum of the new salary grade.

(b) Subsection (a) of this section does not apply to vacancies which must be filled immediately to prevent work stoppage or the protection of the public health, safety, or security.

(c) If a State employee subject to this section:

(1) Applies for another position of State employment that would constitute a promotion and;

(2) Has substantially equal qualifications as an applicant who is not a State employee then the State employee shall receive priority consideration over the applicant who is not a State employee. This priority consideration shall not apply when the only applicants considered for the vacancy are current State employees.

(c1) If a State employee who has been separated due to reduction in force or who has been given notice of imminent separation due to reduction in force:

(1) Applies for another position of State employment equal to or lower in salary grade than the position held by the employee at the time of notification or separation; and

(2) Is determined qualified for that position

then within all State agencies, the State employee shall receive priority consideration over all other applicants but shall receive equal consideration with other applicants who are current State employees not affected by the reduction in force. This priority shall remain in effect for a period of 12 months from the date the employee receives notification of separation by reduction in force. State employees separated due to reduction in force shall receive higher priority than other applicants with employment or reemployment priorities, except that the reemployment priority created by G.S. 126-5(e)(1) shall be considered as equal. The reduction-in-force priority created by this subsection shall be administered in accordance with rules promulgated by the State Personnel Commission.

(c2) If the applicants for reemployment for a position include current State employees, a State employee with more than 10 years of service shall receive priority consideration over a State employee having less than 10 years of service in the same or related position classification. This reemployment priority shall be given by all State departments, agencies, and institutions with regard to positions subject to this Chapter.

(d) "Qualifications" within the meaning of subsection (c) of this section shall consist of:

(1) Training or education;

(2) Years of experience; and

(3) Other skills, knowledge, and abilities that bear a reasonable functional relationship to the abilities and skills required in the job vacancy applied for.

(e) Each State agency, department, and institution is encouraged to hire into State government employment qualified applicants who are current or former Work First Program participants.

# MEMORANDUM

To:        Samuel E. Whichard

Cc:        Tony Roebuck
                Perry Ennis

From:    Gwen J. Green

Date:    July 14, 2005

Subject:  Response to your letter of May 6, 2005 (Attached)

Samuel in reference to the attached letter that you submitted dated May 6, 2005, a meeting was held on Wednesday, July 13, 2005. Tony Roebuck and Perry Ennis were in attendance at this meeting as well as you and me. Your letter referenced a "Gag Order" and a "Hush, hush policy". You also said in the meeting that you felt that your freedom of speech was violated. This respectfully denies that you have ever been subject to a "Gag Order" or a "Hush, hush policy" as neither exists, and that the University violated your freedom of speech. I did express to you in the meeting that you do have the right to speak to whomever you choose in reference to whatever you want to talk about as long as it does not interfere with your job assignments.

If you have any further questions or concerns, please feel free to give me a call.

Thanks,
Gwen Green
Employee Relations Specialist
Brody – 2E67G
(252)744-1992

MISS DREEN DID NOT DOCHMENT THAT TONY ROEBUEH AND PEPRY ENNIS OFFER A ADOLOGY

IF ANY QUESTIAN ASH HERE SHE CAN NOT LIE ABUYT

May 6, 2205

To Whom It May Concern,

    I was asked to attend a meeting on Thursday 5/5/05 at 4:30 p.m. in the Medical Storeroom GW56 in Tony Roebuck's Office. The people present at this meeting were Perry Ennis, Tony Roebuck, and myself. The meeting was in reference to an alleged conversation that I had with a driver on Wednesday between 1:45 and 2:05 p.m. During this closed door meeting Perry Ennis stated that he wanted to talk to me about the alleged conversation. My concern was that Mr. Ennis was attempting to dictate what I could or could not discuss with my associates. Mr. Ennis made the statement "Its over and finished!" Mr. Ennis advised me that he and my supervisor were both in agreement that I should not be permitted to freely discuss my employment issues. My greater concern is that this issue has not yet been resolved nor has a court order been issued to seal all matters concerning this case, which would include a Gag Order. I do feel that I have some concerns in reference to the fact I have    ··    trained several supervisors over my 25 year career and have yet to offered an opportunity for advancement. And at the very least I should have been offered notification when such opportunities become available. At this point I am concerned that my issues are being swept under the rug by implementing this new "Hush, hush policy!" and most of all they were not honest in given me the truth in the job interview and to inform me some time later, two month later.

Sincerely,

Samuel Earl Whichard

*Samuel E W.Whichard*

*5-16-05*

*Brenda C Mills*
*Notary*

My Commission Expires 8/28/09

# DEDICATION

I have been employed with East Carolina University for twenty-eight years; twenty-one years with the Medical Storeroom. This alone displays great dedication to not only the university but also the department for which I work. During my time with the Medical Storeroom, I have trained and cross-trained eight other candidates to do my job. A couple of these trainees were people that were brought in to be my supervisors. I recently trained my current supervisors Mr. Tony Roebuck (Manager of the Medical Storeroom) and Mr. Matt Davies (Assistant Manager of the Medical Storeroom), the candidate that was selected over me. I believe that this is truly a testament to my character, teamwork, and dedication to East Carolina University. The people that I have trained are as follows:

*Cornelius Williams* – He was an employee of East Carolina University for five years. He transferred from housekeeping to the Medical Storeroom as a Stock Clerk I. I was then promoted to Stock Clerk II. Cornelius Williams was a high school graduate. He is no longer with East Carolina University.

**William O. White**
**Medical Storeroom**
Brody Medical Science GW-56
(252) 744-3629

\* I cross-trained him at the loading dock. William is a high school graduate. He also has two years of college at Elizabeth City State Univ.

**Johnnie O.Thompson**
**Central Receiving & Stores**
Warehouse & Technology Whse
(252) 328-6700

\* I cross-trained him at the loading dock. Johnnie is a high school graduate. He was also a Supply Sergeant in the United States Army.

*Michael Williams* – He was employed with East Carolina University for three years. He transferred from Central Supply on main campus. While at the Brody School of Medicine, I cross-trained him in the Shipping and Receiving Department. Michael was a high school graduate. He is no employed with East Carolina University.

*Jeremy Gardner* – He was employed with East Carolina University for three years. I cross-trained him in the Shipping & Receiving Department. Jeremy was a high school graduate. He is no longer employed with East Carolina University.

**Lucretia A. Davis**
**Fixed Assets/Surplus Property Office**
Warehouse & Technology Annex
(252) 328-1507

* She was bought in as the Assistant Manager of the Medical Storeroom. I cross-trained her in the Shipping & Receiving Department. Lucretia is a high school graduate. She also has a two-year Business Degree. This position is now required to have someone with a college degree. She has since transferred to another department.

**Matt Davies**
**Medical Storeroom**
Brody Medical Science GW56
(252) 744-2249

* Matt is the new Assistant Manager of the Medical Storeroom. He was the selected candidate in the last process. I trained him in the Shipping & Receiving Department. Matt is a high school graduate. He also has some computer courses. He does not have a college degree.

**Tony Roebuck**
**Medical Storeroom**
Brody Medical Science GW56
(252) 744-2241

* Tony is the Manager of the Medical Storeroom. I have also cross-trained him in the Shipping & Receiving Department.

## AWARDS

During my time at East Carolina University, I have been honored with several awards for

my on-the-job performance. These awards include the:

a.) **East Carolina University** *Certificate of Service Award* (October, 1995)

b.) **Business Services Spotlighted Employee of the Year** (June, 1996)

c.) *ECU Supervision Institute* **Certificate of Achievement** (December 17, 1999)

d.) *Business Services Quest for Excellence* **First Mate Award** (September 19, 2000)

e.) *Business Services Quest for Excellence* **Captain Award** (December 10, 2002)

I, SAMUEL EARL WHICHARD, HAVE BEEN AT EAST CAROLINA UNIVERSTIY, BRODY SCHOOL OF MEDICINE FOR TWENTY YEARS AND WITH THE STATE IN OTHER JOBS, GIVE OR TAKE EIGHT YEARS. THE TOTAL NUMBER OF COMBINED YEARS OF MY SERVICE IS APPROXIMATELY TWENTY EIGHT YEARS.

I HAVE, IN THE TWENTY YEARS AT THE BRODY SCHOOL OF MEDICINE, CROSS-TRAINED A TOTAL OF EIGHT PEOPLE. ALL EIGHT PEOPLE HAVE BEEN UNDER MY LEADERSHIP IN THE TRAINING OF THE DO'S AND DON'TS AND THE HAVE NOTS AND MOST OF ALL, KNOW HOW TO COVER YOURSELF AT ALL TIMES, IN THE SHIPPING AND RECEIVING TRADE. WE ARE CONTINUOUSLY LEARNING.

THE PEOPLE I HAVE TRAINED ARE:

1. CORNELIUS WILLIAMS DURING HIS FIVE YEARS AT EAST CAROLINA UNIVERSITY. HE CAN IN AS A STOCK CLERK I, THEREFORE PROMOTING ME TO STOCK CLERK II. CORNELIUS WAS A HIGH SCHOOL GRADUATE THAT TRANSFERRED FROM HOUSEKEEPING.

2, WILLIAM O. WHITE – I HAVE CORSS-TRAINED HIM AT THE LOADING DOCK. HE IS CURRENTLY WORKING FOR EAST CAROLINA UNIVERSITY SCHOOL OF MEDICINE IN THE MEDICAL STOREROOM. WILLIAM IS A HIGH SCHOOL GRADUATE WITH TWO YEARS OF COLLEGE AT ELIZABETH CITY COLLEGE.

3. JOHNNY THOMPSON – I HAVE CROSS-TRAINED HIM AT THE LOADING DOCK. HE IS CURRENTLY WORKING FOR EAST CAROLINA UNIVERSITY AT THE MAIN WAREHOUSE. JOHNNY WAS A SUPPLY SARGEANT IN THE ARMY AND A HIGH SCHOOL GRADUATE.

4. MICHAEL WILLIAMS – HE WAS WITH THE DEPARTMENT FOR TWO OR THREE YEARS. HE TRANSFERRED TO A DIFFERENT DEPARTMENT, BUT WHILE AT THE BRODY BUILDING, I CROSS-TRAINED HIM IN THE SHIPPING AND RECEIVING DEPARTMENT. MICHAEL IS A HIGH SCHOOL GRADUATE, TRANSFERRED FROM CENTRAL SUPPLY ON MAIN CAMPUS AT ECU.

5. JEREMY GARDNER – HE WAS AT ECU FOR TWO OR THREE YEARS. I ALSO CROSS-TRAINED HIM IN THE SHIPPING AND RECEIVING DEPARTMENT. JEREMY WAS A HIGH SCHOOL GRADUATE.

6. LUCRETIA DAVIS – SHE CAME TO ECU AS THE ASSISTANT MANAGER IN THE MEDICAL STOREROOM WITH A TWO YEAR DEGREE IN BUSINESS. EVEN WITH HER DEGREE, I STILL HAD TO CROSS-TRAIN HER IN THE SHIPPING AND RECEIVING DEPARTMENT WHEN SHE BEGAN HERE. WHEN SHE STARTED, THEY CHANGED THE JOB DESCRIPTION AND



**STATE OF NORTH CAROLINA**
OFFICE OF STATE PERSONNEL
1331 MAIL SERVICE CENTER
116 WEST JONES STREET
RALEIGH, NC 27699-1331

MICHAEL F. EASLEY
GOVERNOR

January 18, 2006

THOMAS H. WRIGHT
STATE PERSONNEL DIRECTOR

Mr. Samuel E. Whichard
324 Clairmont Circle
Greenville, North Carolina 27834

**Re:** **Samuel E. Whichard v. East Carolina University, SOM Brody Material Man; Medical Storage Room Material Man**, 04 OSP 0309

Dear Mr. Whichard:

I am in receipt of your correspondence requesting an appeal of the State Personnel Commission's Decision in the above-referenced matter. Page two of the decision and order under the caption "Appeal", reads as follows,

*Pursuant to G.S. § 150B-45, any party wishing to appeal the Commission's decision may commence such an appeal by filing a Petition for Judicial Review in the Superior Court of Wake County or in the Superior Court of the county in which the party resides. The party seeking review must file the petition within 30 days after being served with a written copy of the Commission's Decision and Order. Pursuant to G.S. § 150B-47, the State Personnel Commission is required to file the official record in the contested case within 30 days of receipt of the Petition for Judicial Review. Consequently, a copy of the petition must be sent to the State Personnel Commission at the time the appeal is initiated in order to insure timely filing of the record.*

Therefore, your appeal should have been filed with the Superior Court of Wake County or the county in which you reside.

Sincerely,

Delores A. Joyner, Administrator
State Personnel Commission

Cc: Mr. John P. Scherer, II
Ms. Kim Hausen

*An Equal Opportunity Employer*



| | | |
|---|---|---|
| SAMUEL E. WHICHARD, | ) | STATE PERSONNEL COMMISSION |
| PETITIONER, | ) | DECISION AND ORDER |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | CASE NUMBER |
| | ) | 04 OSP 0309 |
| EAST CAROLINA UNIVERSITY, SOM | ) | |
| BRODY MATERIAL MAN; MEDICAL | ) | |
| STORAGE ROOM MATERIAL MAN, | ) | |
| RESPONDENT. | ) | |

---

A Petition for Contested Case Hearing in the above captioned matter was filed in the Office of Administrative Hearings on March 8, 2005. The Decision of Administrative Law Judge Beryl E. Wade was filed on May 3, 2005, and an Order Amending the Decision was filed on May 6, 2005. The State Personnel Commission received the official record from the Office of Administrative Hearings on September 14, 2005. The State Personnel Commission calendared this matter for its October 13, 2005 meeting. The Commission considered the decision and made a decision in this matter at its October 13, 2005 meeting. Members of the Commission participating in the deliberations and voting in favor of the Commission's decision were: Chair Robin Adams Anderson, Mr. George I. Allison, Mr. Gregory Richardson, Ms. Janie V. Harrell, Ms. Caroline Lee, Ms. Geraldine Pearce, Ms. Brenda R. Smith, and Mr. Dean Shatley.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

After full consideration of this matter, including a review of the whole record, the State Personnel Commission enters the following **ORDER:**

## FINDINGS OF FACT

**I. With regard to the Findings of Fact of the Administrative Law Judge, the Commission decides as follows:**

The Commission hereby adopts the Findings of Fact of the Administrative Law Judge.